### No. 803

### SELBARLAETNER v. UHLMAN et al

Ohio Appeals, 8th District, Cuyahoga County
No. 4542.   Decided June 22, 1923

**165.   EQUITY AND EQUITABLE RELIEF.**

In action to subject equitable interests, failure to show substantial interest justifies verdict directed for defendant.

BY THE COURT.

Epitomized Opinion

This was an action to subject an equitable interest of Joseph Uhlman in certain property to the payment of plaintiff's judgment. The contract for the purchase of the real estate in question was a joint contract of Uhlman and his wife. The evidence disclosed that the wife had made all the payments on the property. The deed was made to Uhman and his wife jointly and later Uhlman deeded his share to his wife. At the close of plaintiff's evidence the defendants moved the court for a judgment for defendants. As this motion was sustained, the plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. In the absence of affirmative facts pertaining to show that Uhlman either had some substantial interest in the property or had contributed to the purchase price the property in question would not be subjected to the payment of this judgment, and therefore the motion was properly sustained.

Attorneys—White, Brewer & Curtis, for Selbarlaetner; D. B. Stone and R. H. Hertz, for Uhlman et al.

---

No. 804

\_\_\_\_CONGER v. CARMICHAEL CONST. CO.\_\_\_\_

Ohio Appeals, 9th District, Summit County
No. 607.   Decided May 4, 1923

**166.   ERROR.**

Instant case was not within rule of Simpson v Polski Co., No. 545, and Thomas v. Van Roon et al No. 594.

PER CURIAM.

Epitomized Opinion

In this case the court held:

1. The trial court committed error in directing verdict for the defendant Company upon the author ity of Simpson v. Polski Co., No. 545, and Thomas v Van Roon et al, No. 594.

Attorneys—Burch, Bacon & Denlinger, for Con ger; Commins, Brouse, Englebeck & McDowell, fo Carmichael Construction Company.

---

### HALLEN v. CAMPBELL et al

Ohio Appeals, 2nd District, Franklin County
No. 1005.   Decided June 13, 1923

**166.   ERROR.**

Order sustaining motion for mistrial, not bein final order, is not predicated for error—Order vacat ing judgment is not reversible unless discretion i clearly abused.

FERNEDING, J.

Epitomized Opinion

This was an action to contest a will, brought b Omi E. Hallen. The defendants, other than Camp bell, did not file answers nor did it appear that th court ordered an issue to be made up. At the tria the will was set aside. Within three days a motio for a new trial was filed by E. M. Hallen and Henr Gumble, executor. This motion was sustaine whereupon plaintiff prosecuted error. In sustair ing the judgment of the lower court, the Court Appeals held:

1. As the order sustaining the motion for a ne trial was not a final judgment, error cannot prosecuted.

2. As the granting of the motion to vacate w discretionary with the trial court, a reviewing cou will not set the same aside unless there is an abu of discretion, and as the record discloses nothin showing such an abuse, the judgment of the low court cannot be disturbed.

Attorneys—Charles J. Pretzman, for Halle Powell & Powell, for Campbell et al.